OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

AND PREROGATIVE COURT.

JUNE TERM, 1892.

---

JOHN W. HERBERT, appellant,

*v.*

HENRY L. HERBERT, respondent.

| | |
|---|---|
| 49 | 565 |
| 51 | 368 |
| 49 | 565 |
| 52 | 547 |
| 49 | 565 |
| 55 | 112 |
| 49 | 565 |
| 57 | 626 |
| 49 | 565 |
| 65 | 7 |
| 65 | 230 |
| 65 | 231 |
| 65 | 232 |

1. When a judgment has been entered by force of proceedings in attachment, a court of chancery may intervene and set aside or control such procedure if the same has been tainted with fraud.

2. Such jurisdiction will not obtain on the mere ground that the claim in suit was unfounded.

3. When it appears that a plaintiff in attachment knows that the claim he seeks to enforce has no legal efficacy, and he obtains a judgment and sale of the defendant's property by a surreptitious use of regular process and proceedings, such judgment will be opened and the sale set aside in equity.

---

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Herbert* v. *Herbert, 4 Dick. Ch. Rep. 70.*

Herbert *v.* Herbert.

*Mr. William H. Vredenburgh* and *Mr. Joseph D. Bedle,* for the appellant.

*Mr. Theodore Runyon,* for the respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

This bill was exhibited for relief against the sale and convey-ance, by an auditor in attachment, of certain real estate, situated at Long Branch. At the sale in question, the plaintiff in attach-ment became the purchaser, and, accordingly, took a deed from the auditor. The proceedings in attachment were regular in all formal respects.

We are of opinion that in such a case as this the only ground of jurisdiction of a court of equity is the presence of fraud·in the proceedings. The court of chancery cannot intervene in this class of cases merely on the ground that the claim that has passed to judgment is not, in point of fact was not, justly due or was of a contestable character, for such a principle would obviously give a general superintendence to equity over most of the judgments taken by force of the process in question.

This court, therefore, affirms the decree in this case on the ground that the plaintiff in attachment fraudulently used and managed that proceeding for the enforcement of a claim that he knew had no legal efficacy.

Let the decree appealed from be affirmed, with the addition that the plaintiff in attachment be forever enjoined from using or enforcing the judgment obtained by him, unless he shall, within thirty days from this date, open the said judgment and let in the defendant in said proceeding to defend the suit.

*For affirmance*—THE CHIEF-JUSTICE, MAGIE, REED, SCUD-DER, VAN SYCKEL, WERTS, BROWN, SMITH, WHITAKER—9.

*For reversal*—DIXON, GARRISON, BOGERT, CLEMENT—4.